**FILED - GR**

May 19, 2010 4:11 PM

TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_CR__/_____

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **Louis Rush**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Hon. |
| v. | ) | |
| | ) | |
| **Financial Recovery Services, Inc.,** | ) | |
| a Minnesota corporation, and | ) | |
| **LVNV Funding, LLC**, a Delaware | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**1:10-cv-00483**

**Paul L Maloney
Chief U.S. District Judge**

**Complaint**

**I.    Introduction**

1.    This is an action for damages brought against debt collectors for violating the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and Michigan Occupational

Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.    Jurisdiction**

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C.

§ 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28

U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place

here.

**III.    Parties**

3.    Plaintiff Louis Rush is a natural person residing in Osceola County, Michigan.

Mr. Rush is a "consumer" and "person" as the terms are defined and/or used in the FDCPA. Mr.

1

5-21-10 (bd)

Rush is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MOC.

4.      Defendant Financial Recovery Services, Inc. ("FRS") is a Minnesota corporation, purportedly with offices at 4900 Viking Drive, Edina, Minnesota 55435. The registered agent for FRS in Michigan is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. FRS uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. FRS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. FRS is a "debt collector" as the term is defined and/or used in the FDCPA. FRS is licensed (No. 2401001509) by the State of Michigan to collect delinquent consumer debts in Michigan. FRS is a "collection agency" and "licensee" as the terms are defined and/or used in the MOC.

5.      Defendant LVNV Funding, LLC ("LVNV") is a Delaware limited liability company, believed to be doing business at 200 Meeting Street, Suite 206, Charleston, South Carolina 29401. The registered agent for LVNV is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. LVNV uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. LVNV is a "debt collector" as the terms is defined and used in the FDCPA. LVNV is a "collection agency" and a "licensee" as the terms are defined and used in the MOC.

**IV.    Facts**

6.      Mr. Rush had a credit account (No. xxxx xxxx xxxx 0982) which he used to purchase goods and/or services for personal, family and/or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and used in the FDCPA and MOC.

7.      The original credit later claimed that Mr. Rush did not pay the debt in full and

2

that the account went into default.

8.     The original creditor supposedly charged off and sold the account years ago.

9.     LVNV is in the business of purchasing delinquent consumer accounts, typically paying around five cents on the dollar. LVNV then hires other entities to collect the accounts.

10.    LVNV claims to have purchased the account and debt supposedly owed by Mr. Rush.

11.    Apparently, LVNV, through an affiliated company named Resurgent Capital Services, LP ("Resurgent"), hired FRS to collect the alleged debt from Mr. Rush.

12.    Mr. Rush disputes the alleged debt.

13.    Mr. Rush refuses to pay the alleged debt.

14.    In May 2010, FRS telephoned Mr. Rush and connected Mr. Rush to a FRS employee identified as Mike Allen. The FRS employee stated that Resurgent had hired FRS to collect a debt from Mr. Rush. The FRS employee stated that Mr. Rush had not made any payment on the account in more than three years. The FRS employee stated that derogatory information regarding the debt was reported to the credit bureaus in December 2007. The FRS employee stated that derogatory information regarding the debt continued to be reported on Mr. Rush's credit report. The FRS employee stated that derogatory information regarding the debt would continue to be reported on Mr. Rush's credit report indefinitely and until the debt is paid. Mr. Rush repeatedly stated that he disputed the debt.

15.    The Fair Credit Reporting Act,15 U.S.C. § 1681 *et seq.,* states that no consumer reporting agency may make any consumer report containing information regarding "accounts placed for collection or charged to profit and loss which antedate the report by more than seven

3

years." 15 U.S.C. § 1681c(a)(4). The running of the seven-year period begins "upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

16. The FRS employee made false statements regarding the length of time for which derogatory information regarding the debt could be reported on Mr. Rush's consumer reports.

17. Credit reporting is an attempt to collect a debt. *Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); *Matter of Sommersdorf,* 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); *Ditty v. CheckRite, Ltd.,* 973 F.Supp. 1320, 1331 (D.Utah 1997).

18. The FDCPA states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt. 15 U.S.C. § 1692e.

19. The FDCPA states that a debt collector may not make a false representation regarding the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

20. The FDCPA states that a debt collector may not threaten to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

21. The FDCPA states that a debt collector may not communicate or threaten to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. § 1692e(8).

4

22.    The FDCPA states that a debt collector may not use any false representation or deceptive means to collect or attempt to collect a debt. 15 U.S.C. § 1692e(10).

23.    The FRS employee intended to speak the words he spoke to Mr. Rush regarding credit reporting.

24.    The acts and omissions of FRS and its employee were done intentionally and wilfully.

25.    FRS and its employee intentionally and wilfully violated the FDCPA and MOC.

26.    LVNV has derivative liability for the acts and omissions of FRS and its employee, done in connection with efforts to collect a debt for LVNV.

27.    As an actual and proximate result of the acts and omissions of FRS and its employee, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by jury and at trial.

**V.    Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

28.    Plaintiff incorporates the foregoing paragraphs by reference.

29.    Defendants have violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a)    Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt;

b)    Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading

5

representations and means in connection with the collection or attempted collection of a debt; and

c) Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

**Wherefore,** plaintiff seeks judgment against defendants for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Such further relief as the court deems just and proper.

## Count 2– Michigan Occupational Code

30. Plaintiff incorporates the foregoing paragraphs by reference.

31. Defendants have violated the MOC. Defendants' violations of the MOC

include, but are not necessarily limited to, the following:

a) Defendants violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendants violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor; and

c) Defendants violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

6

b)  Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)  Statutory damages pursuant to M.C.L. § 339.916(2); and

d)  Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: May 19, 2010

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

7